**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 08 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUOKU HU, | No. 13-70902 |
| Petitioner, | Agency No. A088-291-909 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2016[**]
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Guoku Hu petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal.[1]

1.      Substantial evidence supports the BIA's conclusion that the fine imposed on Hu did not amount to economic deprivation rising to the level of past persecution. "[S]ubstantial economic deprivation that constitutes a threat to life or freedom can constitute persecution." *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006). However, "mere economic disadvantage alone, does not rise to the level of persecution." *Id.* (quoting *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004)). Although this fine was significant in comparison to Hu's stated income, Hu did not testify that he could not earn a living or suffered more than mere economic disadvantage. Thus, a reasonable factfinder would not be compelled to find that Hu demonstrated past persecution.

2.      Substantial evidence supports the BIA's determination that Hu failed to establish a well-founded fear of future persecution. Hu argues that he is subject to

---

[1] Hu did not request protection under the Convention Against Torture. Nonetheless, the IJ and BIA considered his eligibility and denied relief. Hu did not challenge this issue in his opening brief. Therefore, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

future persecution because of his anti-corruption activities.[2]  A finding of a "well-founded fear of persecution" requires both a showing of "subjectively genuine" and "objectively reasonable" fear.  *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc) (per curiam).  Even if Hu subjectively fears that he will be persecuted if he returns to China, Hu has failed to present specific, objective evidence to support his fear of future persecution.

3.     Because Hu failed to prove that he had a well-founded fear of persecution in China, he also failed to prove by a "clear probability" that he will suffer persecution if he returns, which is required for withholding of removal.  *See Martinez-Sanchez v. INS*, 794 F.2d 1396, 1397 (9th Cir. 1986).

**PETITION FOR REVIEW DENIED.**

---

[2] Hu argues that the IJ and the BIA did not credit Hu's testimony as credible. However, Hu fails to point to any material testimony that the BIA and IJ discredited.